CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
The act of 1796 (2 Stat. Laws, 876) abolished the right of survivorships in estates held in joint tenancy, and jn’ovided, that the several tenants might be compelled to submit to partition; and that whether partition was or not made, the shares of the several tenants should descend or pass by devise, .and *618 be subject to debts, charges, curtesy, or dower, and be transmissible to executors or administrators, and be considered, to every other intent and purpose, in the same manner as if the deceased joint tenants had been tenants in common. But it also provided, that partitions between joint tenants, who might hold estates for life or years, should not be prejudicial to any one entitled to the reversions or remainders after the death of the tenants for life, or after the expiration of the years.
The several tenants in common, who held and owned the lands in controversy in this action, could not convert their holding into a technical joint tenancy, and the deed inter partes of the 3d of July, 1840, was ineffectual so far as it attempted to contravene the express provisions of the act of 1796. But as it rested on a valid and sufficient consideration, it will be upheld and enforced according to the manifest intention of the parties, so far as this can be done without subverting or disregarding the objects intended to be accomplished by the statute.
The material provisions of said deed are as follows:
“Now for and in consideration of the premises, and for and in the further consideration of one dollar paid by each of said parties to the other, the receipt whereof is hereby acknowledged, they and each of them have and by these presents do hereby bargain, agree, and stipulate with each other, that all the estate, right, title, and interest which they or either of them have, or may be entitled, in and to the following described property, both real-and personal, shall be held, possessed, and enjoyed by them, and by such of them as shall survive them during their joint lives, and during the lives of such as shall survive as joint tenants; and that the same shall not be held subject to any division or distribution by or among themselves, or any of them, or by or among any other person or persons who shall claim from or under either of said parties.
“ And it is further hereby agreed and stipulated upon, by and between said parties hereto, that all the right, title, and *619 interest of each of them shall survive to and remain vested, after the death of any or either of them, in his, her, or their survivor or survivors; and that accordingly they and each of them do hereby bargain, sell, and convey all their right, title, and interest in and to said property, real and personal, to such of said parties herein named and described as shall survive the others; and that such of said parties as shall or may survive all others shall receive and hold in his or her own proper right the whole of said property, with the full right and power to sell or otherwise dispose of the same at his or her will and pleasure, unless it shall so happen and turn out that some one or more of the said parties hereto shall have children at the time of his or her death; that then and in that event all of said property that shall remain after the death of the last survivor of said parties hereto, shall pass to and be vested in such children and their issue in equal shares and proportions.”
Notwithstanding these covenants, and further limitations set out in the preamble of the deed, to the effect that the parties should hold as joint tenants and not as tenants in common, and should have no power or right to enjoy or hold the property or its profits or issues otherwise than as joint tenants, and that neither of them should have the right or power to sell or dispose of his or her interest, they did hold such estates, as they reserved to themselves, as tenants in common, with the right to have partition and to sell and convey at will.
But the material question in this cause is as to the character of estate each of the parties reserved. It is evident that each retained an absolute life-estate, and that upon the death of each, his or her interest was to pass to the survivors jointly, and that the last survivor was to take an absolute estate in the whole property, unless some one or more of the life-tenants should leave a child or children at the time of his or her death, in which event the entire remainder in fee was to vest in such child or children.
*620 A testator or grantor might lawfully attach conditions like these to the estate devised or conveyed, and we can see no good reason why the same thing may not be done by the agreement of parties owning and holding property as tenants in common.
The parties who sold and/ conveyed the lands claimed by Caldwell and Burchfield had the right to dispose of their respective interests. Their estates for life, with their contingent rights of taking in fee as remaindermen, passed by their conveyances, and to this extent Caldwell and Burchfield will be protected in their possession. But as Mrs. White is and was the only child left by either one of the parties to the deed of 1840, her right to take as remainderman all the lands covered by said deed, upon the death of the last survivor of the parties thereto, can not be questioned!
The judgment complained of goes no further than to recognize and establish her ultimate rights under the deed, and it is therefore affirmed.