## Commonwealth, et al. v. Merritt's Executor, et al.

(Decided October 27, 1925.)

### Appeal from Henderson Circuit Court.

Taxation—Joint Tenant's Right of Survivorship, Vesting Before Effective Date of Inheritance Tax, Held Not Subject to Inheritance Tax on Death of Cojoint Tenant.—Under Acts 1924, c. 111, being the inheritance tax statute, right of survivorship of joint tenant, vesting before effective date of such statute, held not subject, under subsection 4 of section 1, to inheritance tax on the death of the cojoint tenant; subsections 2, 3, 4, and 5, being merely explanatory of the general terms used in subsection 1 of section 1.

FRANK E. DAUGHERTY, Attorney General, and RAINEY T. WELLS for appellants.

MALCOLM YEAMAN and YEAMAN, PENTECOST & YEAMAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Affirming.

More than twenty years ago approximately one thousand acres of land in Henderson county, Kentucky, was conveyed to decedent, Montgomery Merritt, and his wife, Eliza B. Merritt, and upon the death of either to the survivor. Decedent died October 23, 1924, which was about four months after the effective date of our present inheritance tax law, being chapter 111 of the 1924 Session Acts.

The single question presented by this appeal is whether the value of the interest Mrs. Merritt took in this land by survivorship is liable to inheritance tax. Counsel for appellant concede that the title to this interest became vested in her when the deeds were executed to her and her husband more than twenty years previous to the enactment of the present inheritance tax law and many years before the adoption of any such law in this state. They further concede that her interest in the land is in no wise affected by the fact that decedent in his will ratified and confirmed these deeds.

We, therefore, come directly to a consideration of the inheritance tax law *supra* to determine whether by its provisions Mrs. Merritt's pre-existing right of survivorship in the land is liable to the inheritance tax.

The first section of the act is divided into five subsections. The first subsection provides generally that all property, real or personal, within the jurisdiction of the state which shall pass by will or inheritance or, "by deed, grant, bargain, sale or gift made in contemplation of death or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor," shall be liable to the tax. The concluding paragraph of this subsection reads:

> "Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer whether made before or after passage of this act, *provided that property or estates which have vested in such persons or corporations before this act takes effect shall not be subject to the tax.*"

Because of so much of this paragraph as we have italicized, appellee claims exemption from the tax for the interest Mrs. Merritt acquired by survivorship and which, as we have seen, the Commonwealth admits became vested in her before the effective date of the act.

Upon the other hand, the contention for the Commonwealth is that this exemption in favor of interests that vested prior to the adoption of the act attaches only to such interests as are taxed by the subsection of which this exemption provision is a part and, that subsection four of the first section of the act expressly lays the tax upon the interest she took in the land by survivorship "as tenant by the entirety" upon the death of her husband just as though it had been bequeathed to her by her husband and without reference to whether or not her right of survivorship vested before or after the adoption of the act.

There is no exemption clause attached to this subdivision of section one of the act, and there would be much force in this contention for the Commonwealth if subsections one and four were separate and unrelated sections referring to separate and distinct classes of property. This, however, is not true. The first subsection is general in its terms and declares that all classes of property acquired by will, inheritance, deed or otherwise, shall be subject to the inheritance tax if the right of possession or enjoyment becomes effective at or after

the death of the grantor or donor, provided the estate did not vest before the act became effective.

Upon the other hand, subsections two, three, four and five of the section relate only to specific properties and are explanatory merely of the meaning and effect to be given to the general terms of subsection one with reference to such properties in different states of case wherein transfers are made during the life of the transferor in contemplation of death or to be effective only after his death. This being true, as is clearly apparent, it necessarily follows that the exemption of property and estates which vested before the act took effect was intended to and does apply not only to all property described generally in subsection one of the act, but also to such subdivisions thereof as are treated specifically and explanatorily in subsections two, three, four and five of section one of the act.

To construe the exempting provision as applying only to the general provisions of subsection one and deny its application to the other subdivisions of the same section of the act, which are merely definitive and explanatory thereof is clearly unwarranted.

We therefore conclude that subsection four applies only to property real or personal held in the joint names of two or more persons as tenants by the entirety or, deposited in banks or other depositaries in the joint names of two or more persons and payable to the survivor upon the death of the other, where such right of survivorship was created after the effective date of the act. This is not only what we think is necessarily the meaning of the language employed when all subdivisions of this section are considered together, but it avoids any implication of an intention upon the part of the legislature to make the act retroactive as to any of these subdivisions, as clearly was not intended with reference to the provisions of the first subsection.

It follows, therefore, that the lower court did not err in holding that the interest Mrs. Merritt took by survivorship in the land, under and by reason of the deeds executed prior to enactment of the inheritance tax law, was not liable to inheritance tax.

Judgment affirmed.