# DuBois Adm'r et al. v. Shannon.

(Decided Nov. 22, 1938.)

J. D. MOCQUOT and LOUIS COX for appellants.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment rendered in the Franklin circuit court, holding subject to inheritance tax the transfer by survivorship of decedent's one-half interest in certain stocks, bonds, real estate, etc., which had been acquired and held in joint tenancy by and in the names of the decedent, L. S. DuBois, and his son, the appellant, George S. DuBois, with ''right of survivorship and not as tenants in common,'' and which interest of the decedent passed to the son as surviving joint tenant upon the death of the father, his co-joint tenant, on February 14, 1936.

The facts as disclosed by the record are that the decedent, L. S. DuBois, and his son, George S. DuBois, had for a great number of years, practically as part-

ners, maintained a brokerage business in Paducah, Kentucky, under the names of L. S. and George S. DuBois, in which names it appears it had been their custom and practice to jointly acquire and hold certain stocks, bonds, real estate, etc., "with right of survivorship and not as tenants in common;" that at the time of the death of L. S. DuBois in February, 1936, he, as joint tenant with his son, the appellant, held a half interest, amounting to some $91,000, in these certain stocks, bonds, real estate, etc., which, as stated, had been jointly acquired and were being held by them and accepted in the names of both in joint tenancy, which interest, upon his death, passed to his son, by operation of law as the surviving joint tenant.

Also, it appears that in addition to this property jointly owned with his son, the decedent individually owned certain other stocks, bonds and real estate, amounting to some $73,000 which he by will devised principally to his son whom he named as executor of his estate.

Following this, George S. DuBois, who had accepted the trust, duly qualified as executor, and made an inheritance tax report to the state revenue department, wherein he fully set out the property devised him and others by his father's will and also included in his tax report a detailed statement of the half interest of the decedent (amounting to some $91,000) in the property jointly owned by them with right of survivorship by virtue of which upon his father's death his interest had passed to him, as the surviving joint tenant, by operation of law, rather than by devise or the law of intestate succession.

Based upon this report, the revenue department assessed not only an inheritance tax upon the property individually owned and devised the appellant and other devisees by decedent's will, in the amount of some $954, which was paid, but also imposed an inheritance tax of $2,538.72, upon the transfer of the decedent's one-half interest in their jointly held property, which had passed to appellant, as surviving tenant, by operation of law. This latter inheritance tax the appellant also paid, but under protest, contending that same had been improperly assessed.

Later, having demanded, upon such ground, a refund of the $2,538.72, imposed as an inheritance tax

upon the passing of decedent's one-half interest in this jointly owned property to appellant by reason of his surviving his father as co-joint tenant and such refund having been refused, appellant instituted this action in the Franklin circuit court against the Auditor of Public Accounts to require him to issue his warrant upon the treasurer for the amount of this tax, paid under protest, on the theory that the stocks, bonds, real estate, etc., assessed for taxation were not taxable as a devise or as passing by intestate succession to him under the provisions of the inheritance tax law. Thereupon the defendant filed a general demurrer to plaintiff's petition, upon which the cause was submitted, when it was adjudged that the demurrer be sustained and upon the plaintiff's declining to plead further, that the petition be dismissed.

Challenging the propriety of this judgment, George S. DuBois has appealed, seeking its reversal upon the grounds: (1) That the interest of the deceased joint tenant, L. S. DuBois, which passed to the appellant as the surviving joint tenant by operation of law, was improperly subjected to an inheritance tax, for the reason that such interest of the deceased in the jointly held property did not pass to appellant by devise or by the law of intestate succession, as provided and such character only of transfer made taxable by section 4281a-1 of the inheritance tax law; and (2) that as a joint tenancy in real and personal property, as was here created, can still be created under the law of this state, where it manifestly appears from the tenor of the instrument by which the property was acquired that it was intended by the parties that the part of the one dying should belong to the surviving tenant or tenants, as clearly here appeared, the Legislature was without power to enact the inheritance tax law here involved (section 4281a-1, subd. 4, 1930 edition, Carroll's Kentucky Statutes or the similar section 4281a-15, 1936 edition, Carroll's Kentucky Statutes) which by its provisions altered or varied the passing of title in a joint tenancy by declaring that the interest of the one dying and passing by survivorship to the co-joint tenant, as provided by section 2349, Kentucky Statutes, should be deemed to be the passage of the title of the dying joint tenant to the other tenant surviving as if such interest of the one dying had been bequeathed or devised by him to the surviving tenant by will.

The language of section 4281a-1, subd. 4, Carroll's Kentucky Statutes, 1930 edition, so purporting to make taxable the passing of the interest of the deceased joint-tenant, L. S. DuBois, to appellant, as if same had been held by defendant as a tenant in common and had passed to appellant by devise or intestate succession and which was in full force and effect at the time of the death of the testator in February, 1936, is as follows:

"Whenever any property, real or personal, is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, * * * to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer of one-half or other * * * fraction thereof taxable under the provisions of this chapter in the same manner as though this part of the property to which such transfer relates belonged to the tenants by the entirety, joint tenants or joint depositors as tenants in common, and had been bequeathed or devised to the surviving tenant by the entirety, joint tenant or joint tenants, * * * by such deceased tenants by the entirety, joint tenants or joint depositor, by will."

As argued by appellee in response to appellant's contention on this point, it will be observed that the language of the quoted section of the statutes provides "for taxation of an estate held in exactly the manner that this estate was held by the plaintiff and his deceased father, and the wording of this section clearly describes and brings the passing of the decedent's one-half interest in the estate within the taxing realm of the inheritance tax as set out in the above quoted section."

Such being the issue, it is here obvious and by both parties admitted that the one question here before us for determination is whether the stocks and real estate, standing in the names of L. S. DuBois and George S. DuBois jointly, "with right of survivorship and not as tenants in common," are subject to inheritance tax under the laws of the state.

In the case of Commonwealth v. Merritt's Executor, 210 Ky. 779, 276 S. W. 802, this inheritance tax law was

before the court for construction and determination of its validity, when there the court, in passing upon an estate held jointly, with right of survivorship, decided that the inheritance tax did not apply as one of the sections of the statute then in force (Kentucky Statutes 1930, section 4281a-1) expressly provided that:

"Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer whether made before or after passage of this act, *provided that property or estates which have vested in such persons or corporations before this act takes effect shall not be subject to the tax.*" (Italics ours.)

The decision of the court in that case turned upon the language of this statute, expressly providing exemption from the inheritance tax of property or estates which had vested before the Act (Chapter 111, Acts of the Regular Session of the General Assembly, 1924) took effect and for such reason adjudged that [page 803]:

"The lower court did not err in holding that the interest Mrs. Merritt [there the surviving joint-tenant] took by survivorship in the land, under and by reason of the deeds executed prior to enactment of the inheritance tax law, was not liable to inheritance tax."

Clearly, the rationale of this decision is that the interest of the dying joint tenant, which had passed to his surviving co-tenant, was subject to an inheritance tax as imposed by section 4281a-4 of the tax law, but for the express provision of the law exempting from such tax property or estates which had vested in joint tenancy with right of survivorship before the act took effect.

However, in the instant case, it is not claimed by appellant nor does his petition allege that the transactions between the appellant and his deceased father, whereby they created and held the property in question in joint tenancy, were entered into and consummated before the effective date of this inheritance tax law, as was the fact in the Merritt Case, supra, under the provisions of which the tax was here imposed. In other words, the court in the Merritt Case, supra, approved the taxation of such an estate as set out in the plain-

tiff's petition, providing that the transactions creating the estate or the vested right in the estate had not become effective or vested the right by survivorship in the property prior to the enactment of such act.

Turning now to the next of appellant's objections, that (although conceding the Legislature's right to enact an inheritance tax law as incident to its general legislative power to tax and that, as held in the case of Booth's Executor v. Commonwealth, 130 Ky. 88, 113 S. W. 61, 33 L. R. A., N. S., 592, it was not necessary that the Legislature, in order to exercise its power to enact an inheritance tax law, be expressly authorized by the Constitution to enact such a law but that it was a sufficient delegation of such power to it that the Constitution does not prohibit it) it was not within the Legislature's power to declare that the interest of a joint tenant, passing by survivorship to the joint tenant by operation of law should be deemed to be the passage of the title as if it had been bequeathed or devised to the surviving tenant.

In support of such contention, the appellant contends that the deceased's interest in the jointly owned property, with right of survivorship, passed to him upon his father's death by operation of law and not by will or the laws regulating intestate succession, in that such is the old common law theory of joint tenancy and the rule is that upon the death of a joint tenant owning property, his interest passes by the jus accrescendi to the other joint tenant, or tenants, by operation of law.

While conceding that this rule was abolished by section 2348, Kentucky Statutes, in 1796, providing that, "Joint tenants may be compelled to make partition; and when a joint tenant dies, his part of the joint estate, real or personal, shall descend to his heirs, or pass by devise, or go to his personal representatives, subject to debts, courtesy, dower or distribution," appellant insists that an exception to such rule, abolishing joint tenancies, was made by the provisions of section 2349, Kentucky Statutes, which is as follows:

"The preceding section [section 2348] shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears, from the tenor of the instrument,

that it was intended that the part of the one dying should belong to the others," etc.

Appellant contends that by this section it was intended that the part of the one dying should belong to the surviving tenant or tenants.

Construing these two quoted sections of the Statutes, it was held in Osborne v. Hughes, 219 Ky. 116, 292 S. W. 748, that:

"The right of survivorship in estates held in joint tenancy was abolished by section 2348, supra, unless the case falls within the provisions of section 2349. Truesdell v. White, 13 Bush 616. When it is sought to establish that the estate of one joint tenant passes to the other by survivorship, the instrument relied on must make it clear that such was the purpose of the grantor or testator. Wirth v. Wirth's Guardian, 100 S. W. 298, 30 Ky. Law Rep. 960; Truesdell v. White, supra."

Appellant contends that under the instruments, whether certificates of stock or deeds of conveyance, by which the jointly owned property here involved was acquired and held, it was clearly manifested, as required by section 2349, Kentucky Statutes, that the property was intended to pass to the decedent, L. S. DuBois, and the appellant, George S. DuBois, as joint purchasers thereof with right of survivorship, and that having so acquired and held the property as joint tenants, the half interest of the decedent in the property passed upon his death by operation of law to the appellant as surviving joint tenant and did not pass to him by devise or by the law regulating intestate succession, so as to bring it within the provisions of the inheritance tax law, subjecting to an inheritance tax only such property he contends as passed by devise or by the law of intestate succession.

To such contention the appellee responds that same is erroneous in that the department of revenue here assessed an inheritance tax on this property because it passed to the appellant by reason of the death of his father, who owned a half of the property outright, with a right of survivorship in the entirety, which interest in the property appellant likewise owned. Therefore, appellee argues that the tax was assessed and collected upon the transfer of his father's half interest in the

jointly owned property to appellant, by reason of the contract or agreement entered into between them, which would take effect at the death of either of the parties, so as to pass at the death of the father or son his interest to the one surviving, who would thereby take or acquire the property in its entirety.

Further, appellee insists, as against the contention of appellant, that the Legislature had the right and authority, as an incident of its general legislative power, to tax any transfer of property that it deemed advisable to tax and that, as held in the Booth Case, supra, 130 Ky. 88, 113 S. W. 62, the right to take property by inheritance or bequest is but a creature of the law, and not an absolute right of property, and hence it may be regulated by the state and subjected to a tax as an incident of such regulation, or in the language of the opinion, "The power of the Legislature to tax is an inherent, rather than a conferred, power, although the legislative department of our state government, like the executive department and judicial department, is a creature of the Constitution."

Continuing, the opinion quotes with approval from Mr. Cooley on Taxation as follows:

"The power of taxation is an incident of sovereignty, and is possessed by the government without being expressly conferred by the people. It is a legislative power, and when the people, by their Constitution, create a department of government upon which they confer the power to make laws, the power of taxation is conferred as part of the more general power. * * * Nothing but express constitutional limitation upon legislative authority can exclude anything to which the authority extends from the grasp of the taxing power, if the Legislature in its discretion shall at any time select it for revenue purposes; * * *."

In Section 168, 26 R. C. L. 198, dealing with the power of the state to levy an inheritance tax, it is said in part:

"In the absence of a special constitutional provision to the contrary there is no doubt that the levy of inheritance taxes is within the general discretionary power of the state legislatures to select the subjects of taxation, subject, of course, to the limitation of raising money for the public use only."

In support of this text there is cited, among many others, the Booth Case, supra.

Further, in section 173 of the same volume, dealing with the power to tax transfers other than by will or intestate succession, it is said:

"It is within the power of the state to tax the transfer of property by deed, grant or gift intended to take effect in possession or enjoyment after the death of the donor or grantor. Such a tax is an excise and not a property tax and is constitutional upon the same grounds as a tax on succession by will or inheritance. There is no natural right to create artificial and technical estates with limitations over, nor has the remainderman any more right to succeed to the possession of property under such deeds than legatees or devisees under a will. A tax upon transfers intended to take effect in possession or enjoyment after the death of the transferor is not objectionable because transfers intended to take effect on the death of some person other than the grantor or on the happening of any other event, whether certain or contingent, are not also taxed."

However, there is a considerable lack of harmony among the decisions of the various state courts as to whether or not the interest which passes under the common law rule, obtaining in cases of joint tenancy, upon the death of one of the joint tenants to his surviving joint tenant is subject to an inheritance tax as being a transfer of the decedent's interest to his joint tenant, by reason of the contract or agreement had between them, which would take effect upon the death of either of the parties, the one surviving taking the entire property.

It is the general rule at the present time that the inheritance or succession tax laws of the various jurisdictions impose a tax upon transfers made in contemplation of death and upon transfers not intended to take effect in possession or enjoyent until after the death of the transferor, as is provided by the section of the statute in question.

The purpose of these inheritance or succession tax laws is, of course, to minimize the possibility of one's transferring his estate to the objects of his bounty free

from the inheritance tax laws. The power of the states to enact such laws is not open to question. They are excise and not property taxes and are constitutional upon the same grounds as a tax on succession by will or inheritance. 26 R. C. L. 203, section 173.

In 49 A. L. R. 897, in discussing the question as to whether the interest of a joint tenant is subject to tax as one taking effect in possession or enjoyment upon the death of the joint tenant, it is said:

"It has been argued that the interest of a joint tenant is not subject to the tax on transfers not intended to take effect in possession or enjoyment until after death, for the claimed reason that title vested in the co-tenant when the relation was created. But in the United States v. Robertson (1910) 106 C. C. A. 149, 183 F. 711, writ of certiorari denied in (1911) 220 U. S. 616, 31 S. Ct. 720, 55 L. Ed. 611, the court said that the insistence in that case that the share of a joint tenant vested upon the execution of the contract creating the relationship and not upon the death of the other joint tenants, arose from the confusion of estates in entirety with estates in joint tenancy; that, while survivorship is characteristic of both, in an estate by entirety the title of each is to the whole, so that when one dies the other takes nothing new by virtue of survivorship, but merely ceases to divide the enjoyment of the estate of which he was completely seized by virtue of the creative instrument; while in joint tenancy the title is to a share only, so that it follows that upon the death of one tenant the survivor acquires his other share by new title of survivorship, and not by the creative instrument. And it was held that, under a written instrument creating a joint tenancy in personal property, the share of one dying, which vested in the survivor, became taxable under the statute taxing property transferred by deed, gift, bargain, or sale, intended to take effect in possession or enjoyment after the death of the grantor."

Further, as to this, in 26 R. C. L. 220, section 190, the rule as to the taxing of the interest passing, in case of joint tenancy, to the survivor is thus stated:

"There is no constitutional objection to a statute taxing in terms the coming into possession of

property held by tenancy by the entirety or by joint tenancy by virtue of survivorship, even though the joint tenancy was created by contract prior to the enactment of the statute. In such case, however, the interest which the surviving joint tenant retains in his own share of the property is not subject to a tax, although by the death of the other joint tenant it is discharged of his interest therein."

To like effect see 8 R. C. L. (Permanent Supplement) 5731, section 190, note 15, where is given the following summarized statement of this rule announced in the case of In re Orvis, 223 N. Y. 1, 3 A. L. R. 1636:

"When two partners establish a fund by equal contributions under an agreement that it is to be their joint property while both are living and that on the death of either it is to belong to the survivor, on the death of one of the partners one half of the funds is subject to the transfer tax under a statute imposing a tax on a transfer intended to take effect in possession or enjoyment after death."

See, also, Guaranty Trust Company v. Blodgett, 287 U. S. 509, 53 S. Ct. 244, 77 L. Ed. 463; Cochran's Ex'r v. Commonwealth, 241 Ky. 656, 44 S. W. (2d) 603, 78 A. L. R. 710.

These holdings of the court it appears are based upon the theory that the right to dispose of property by will or the right to property by descent is not a natural right, but one created by statute, and as such can be regulated by statute, as was held in the Booth Case, supra.

Any other holding with respect to the taxability of such interests, not held as natural rights, would serve to defeat the inheritance and succession tax law and would clearly open up an avenue of escape from the payment of a tax imposed upon property passing by will or descent through conveying property through joint tenancies, whereby the interest of the dying joint tenant would be passed to the survivor by operation of law and not by will or intestate succession.

To defeat such avenue of escape, it is patent that the Legislature here saw fit to pass and make a part of the inheritance tax law section 4281a-1, subd. 4.

Holding such view of the provisions and the purpose of the law, and that it came within the province of

the legislature to impose such a tax as incident to its general power, we are led to conclude that the same was a valid and available revenue law and that the lower court properly so adjudged, for which reason its judgment is affirmed.