**REVENUE CABINET, Commonwealth of Kentucky, Appellant,**

v.

**William M. COX, Jr., Individually and as Executor of the Estate of Katherine H. Cox, Deceased, Appellee.**

No. 86–CA–1763–MR.

Court of Appeals of Kentucky.

July 17, 1987.

Michael L. Henry, Legal Service Section, Frankfort, for appellant.

J.B. Johnson, Jr., Teague, Cox, Davis & Johnson, Williamsburg, for appellee.

Before DYCHE, MILLER and WEST, JJ.

MILLER, Judge.

The Revenue Cabinet appeals from a judgment of the Whitley Circuit Court holding that an inheritance tax on intangible personal property held by a co-owner or third-party beneficiary in a survivorship [1] account or certificate is violative of both the United States Constitution and the Kentucky Constitution. This has the effect of rendering the Revenue Cabinet incapable of collecting such a tax under the provisions of KRS 140.010 and .050.

The facts underlying this matter were stipulated at the trial level. The matter concerns "at least $142.818.65 of intangible personal property consisting of certificates of deposits, stock certificates and bank accounts" owned by appellee's testatrix, Katherine H. Cox, jointly, with either her husband [2] or her son. The Revenue Cabinet had forwarded a notice of tax due, covering these assets, to appellee. This assessment led appellee to seek, and eventually receive, a declaration of rights from the circuit court (KRS 418.040) holding that such property is not subject to Kentucky inheritance tax. We disagree and reverse.

In finding for appellee, the circuit court succumbed to the argument that such interests do not involve a transfer of property. Therefore, they would not be subject to inheritance taxes which are, in nature, excise taxes. *See DuBois' Adm'r v. Shannon,* 275 Ky. 516, 122 S.W.2d 103 (1938).

---

1. Survivorship accounts are generally created by use of the disjunctive "or" between the owners' names. They are commonly referred to as "or accounts."

2. KRS 140.080 has been amended, effective August 1, 1985, to exempt a surviving spouse from inheritance tax. The situation before this Court, however, is concerned with a death before the effective date of this revision.

The court was led from the correct result by cases such as *Barton v. Hudson*, Ky. App., 560 S.W.2d 20 (1978), and *Saylor v. Saylor*, Ky., 389 S.W.2d 904 (1964), which recognize the proposition that a joint tenant, during his/her life, is entitled to the entire proceeds of a joint-survivorship account. The court therefore concluded that, technically speaking, there is no transfer upon the death of a joint tenant of a survivorship account, but merely a cessation of the right to withdraw. Undoubtedly, this reasoning reflects the relationship of joint tenants at common law.

However, in a situation involving a married couple, our court has previously recognized that the death of one of the owners of a joint-survivorship account changes the legal nature of the arrangement.

> Upon the death of either spouse, the funds pass immediately to the surviving spouse, and a creditor ... may not acquire any interest whatsoever in the account should he attach subsequent to the death. However, until the death of either spouse, and for the reason that either may acquire all funds in the joint account during their lifetime, an attaching creditor acquires an interest in the account to the extent of his judgment.

*Barton v. Hudson*, 560 S.W.2d at 22.

■ We deem the foregoing reasoning applicable to accounts owned by parties other than a husband and a wife. The death of a joint tenant constitutes a change in property rights sufficient to bring the inheritance tax statutes into play. As the United States Supreme Court, in upholding the federal estate tax statute, pointed out:

> The question here, then, is, not whether there has been, in the strict sense of that word, a "transfer" of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights.

> .... The power of taxation is a fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. Whether that power has been properly exercised in the present instance must be determined by the actual results brought about by the death, rather than by a consideration of the artificial rules which delimit the title, rights, and powers of tenants by the entirety at common law.

*Tyler v. United States*, 281 U.S. 497, 503, 50 S.Ct. 356, 359, 74 L.Ed. 991 (1930).

Similarly, it is beyond doubt that a decedent's interest in a joint survivorship account is also subject to a Kentucky inheritance tax. *See DuBois' Adm'r v. Shannon*, 122 S.W.2d at 103. KRS 140.010 and .050 so provide, and we find no constitutional barrier to their enforcement. As indicated in *Tyler v. United States*, 281 U.S. at 497, 50 S.Ct. at 356, our holding conforms to the view that taxation is "eminently practical," and practical minds would have difficulty concluding that the death of a joint tenant does not have the effect of passing substantial rights to the survivor(s).

■ A question, however, is raised which appears not to have been previously decided. KRS 140.050 provides that the death of one party to a survivorship account "shall be deemed a transfer of one-half (½) or other proper fraction ..." of the assets to the surviving party. Thus, unlike the federal estate tax statute (26 U.S.C. § 2040), the amount of each person's *contribution* is not considered in imposing Kentucky inheritance tax. Rather, the account is taxed on an arbitrary fractional basis depending on the number of joint owners.

■ We agree with the Revenue Cabinet that the contribution issue was not presented, *per se*, to the trial court. Nevertheless, the question raises an important issue in the examination of the constitutionality of KRS 140.050. Supplemental briefs were filed on this issue. Having considered the arguments, we follow the lead of those jurisdictions which have held that the relative contributions of the par-

ties are immaterial to the question of constitutionality of a state inheritance tax. 42 Am.Jur.2d *Inheritance, Estate, and Gift Taxes,* § 152 (1969). We are, of course, aware that in situations concerning property held in trust, there would not be a taxable transfer. 42 Am.Jur.2d *Inheritance, Estate, and Gift Taxes,* § 153 (1969). In the case at bar, however, no argument is made that any of the property was held in a fiduciary capacity.

For the foregoing reasons, the judgment of the Whitley Circuit Court is reversed.

WEST, J., concurs.

DYCHE, J., dissents.