Judge Nicholas
delivered the Opinion of the Court. — Judge Underwood did not sit in this case.
Robert Moore conveyed a tract of land adjoining the town of Bowlinggreen, to his son-inl-aw and daughter, Martin Grider and wife, which was afterwards sold, under executions against Grider, in his life time, and Rogers became the purchaser. After Grider’s death, Mrs. Grider filed her bill against Rogers, claiming, first, the whole of the land ; and if she was not entitled to that, then one moiety, to be allotted to her in severalty, and dower out of the other moiety. The circuit, court, considering her entitled to the whole, decreed a release of the claim of Rogers to her.
This decree has been assailed in argument on two grounds. First: tbat Grider and wife took the title under the conveyance from Moore, as joint tenants, and, therefore, according to the terms of the act of 1796, 2 Dig. 686, the interest of Grider did not, and could not, even if there had been no previous sale of his interest under execution, accrue to his wife at his death. Second : that if Mrs. Grider is entitled' to the whole, then the court had no jurisdiction, to give her relief.
Theconveyance of an estate to husband wife, does not make, them joint tenants: they have a tenancy by entireties; neither can alienate the estate, or any share of it, and upon the death of either, the whole belongs to the survivor — the statute abolishing the jus accre-scendi not em- . bracing this description of estate.
The first point was otherwise ruled by this court, at the present term, in the case of Ross vs. Garrison and wife, [Ante, 35.] That case was not argued at the bar, and we had to dispose of it without the benefit of any suggestion from counsel against the view there taken. We were, therefore, glad to find it again arising in this case, and meeting a full discussion at the bar, thereby enabling us to review our decision upon a question of so much importance, before itr had gone out, and with the aid of such objections as counsel could urge against it-The result of the discussion and our subsequent investigation, has been to confirm us in the impression of the correctness of our decision.
The position there assumed, that a conveyance to husband and wife, does not make them joint tenants, but that they hold by what is termed a tenancy by entireties, is fully sustained, not only by the opinion of Coke, 1 Inst. 1861, for which he cites adjudged cases before his time, and in which he is followed by all the approved text writers, but by several modern adjudications, both in England and the United States. The distinction is not merely ideal and arbitrary, but is founded in a substantial difference. One of the incidents of joint tenancy was the right of each of the joint tenants to alienate his interest, thereby sever the joint tenancy, and render hjs co-tenant tenant in common with the alienee. Whereas, it is agreed by all the authorities, that neither husband or wife can, by the common law, make any alienation of an estate conveyed to them during coverture, so as to affect the entii’e right of the other, on his or her surviving. The unity of person subsisting between man and wife, in legal contemplation, prevents their receiving separate interests in an estate conveyed to them during coverture. The estate of joint tenants is an unit, made up of divisible parts, subsisting in different natural persons ; the estate of husband and wife is an unit, not made up of any divisible parts, subsisting in different natural persons, but is an indivisible whole, vested in two persons, who are actually distinct, yet who, according to legal intendment, are one and the same. On the death of husband, or wife, the survivor takes no new estate or interest; nothing *244 that was not in him, or her, before, it is a mere change' in the properties of the legal person holding, not of the estateholden, and by the lossoi an adjunct, reducing the, legal personage to an individualty, identical with the natural. Not so, however, with regard to joint tenants. On the death of one, a new interest, an additional estate, does accrue to the survivor, by the jus accrescendi.
Tñe remedy for the survivor of husband fy wife, to recover an estate conveyed to them during the coverture, is complete at law ■ — chancery has &o jurisdiction.
The distinction.between joint tenants, and husband and wife holding by conveyance to them during coverture, is, therefore, not merely verbal ; nor can they be said to come strictly within the terms of the act of 1796. There is good’ reason, indeed, why they, shoulu have been omitted from its provisions. The jus accrescendi? ^ as between joint tenants, was, no doubt, taken away because of their power of alienation, and thereby severing the joint tenancy. It was deemed unjust that the mere failure to alienate, or seyer the joint tenancy, during a man’s life, should have the effect of forleiting his estate to his surviving co-tenant, to the exclusion of his own heirs. This reason does not apply as between husband and wife, there being with them, no such separate power of alienating, or severing the estate; and to concede such power de novo, would be to make a rule -unequal and unfair in its operation, as the wife is under the dominion of the husuand, and can alienate nothing without his assent.
We feel, therefore, no ways inclined to retract the decision in Ross vs. Garrison and wife ; the consequence of. which is, Mrs. Grider must be considered the owner of the whole estate here sued for.
But we think she has misconceived her remedy. There is no reason whatever shewn, why she should not sue at law ; or why that remedy is not as perfect and complete as a bill in chancery, provided she be, as we have decided she is, entitled to the whole.
The decree must be reversed, with costs, and cause remanded, with directions to dismiss the bill and cross billy with costs,, for want of jurisdiction ; but without prejudice.