CHIEF JUSTICE WILLIAMS
delivered tbe'opimbn of the court:
January 23,1837, Henry Nichols conveyed to his daughter Elizabeth, and her husband, Henry Nichols, certain lands, to them and their heirs forever, which, together with other lands, the husband mortgaged March 9, 1865, to appellants, to secure various specified debts.
Mrs. Elizabeth Nichols died in the year 1861, leaving appellees as her children and heirs at law, who resist the foreclosure of the mortgage on one half the land so conveyed by their grandfather to their father and mother, claiming that, by the Revised Statutes, enacted in the year of 1850, the right of survivorship was abolished in such estates, and that they held as tenants in common, and, therefore, by moities, with a mutual right of curtesy and dower of the survivor in the half of the other; hence they insist that the creditors could only foreclose as to the life interest of their father, as tenant by the curtesy in their mother’s half of said land.
Section 14, article 4, chapter 47, 2 Stanton’s Revised Statutes, 27, provides, that “ where any real estate or slave is conveyed or devised to husband and wife, unless a right of survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them; but they shall take as tenants in common, and the respective moieties be subject to curtesy or dower, with all other incidents to such a tenancy.” By section 14, chapter 21, 1 Stanton’s Revised Statutes, 262, it is declared that “ no part of this revision is retrospective, unless expressly so declared;” and, although the language and construction of the enactment relative to such estates might be construed to apply to existing titles, and abolish the right of survivorship between husband’and wife, and change the estate from an entirety into one in common, yet, as the language is not neces *504 sarily expressive' of such an intention, we would not hasten to give it a retrospective application, especially in view of a want of constitutional authority in the Legislature to so enact. Husband and wife, for most purposes, having but one united legal existence, conveyances to them by the common law, which remained in force in this State until our revision of 1850, created a peculiar estate, in which both held the entire title; consequently, the death of either conferred no new estate or title on the other, but only destroyed the possibility of decedent’s survivorship, in which case that one would have remained the sole owner.
By the common law, joint tenants could destroy the right of survivorship by the sale of their respective portions, or by compelling, which they could do, partition; whilst this peculiar tenancy of husband and wife could not be destroyed by the sale of either, nor could partition be compelled by any means known to the law.
This possibility of survivorship, and contingent possibility that the unity between joint tenants would not by any means be destroyed, and right of the survivorship remain, was not such a present vested interest as created or constituted an estate, either leviable by execution, subject to decretal sale, or even vendible and assignable by the tenant himself, but was a mere legal incident to such estates, as a rule of law, which the Legislature might abolish.
So in Edwards vs. Barick (5 Denio, 668), the court of errors of New York, in able, exhaustive opinions by Judge Beardsley and others, held, that when a father had devised two separate tracts of land severally to his sons, Joseph and Medcef, and their heirs and assigns, but should either die without lawful issue, his tract to go to the survivor, and left the two sons executors, with others, *505 and they, as executors, mortgaged Joseph’s tract, and Joseph having afterwards died without issue, and, subsequently, Medcef died leaving issue, who brought ejectment against the mortgagee in possession, it was held that, by the father’s will, Joseph took a determinable, qualified, or bare fee in the land primarily devised to him, which was certainly effective as an estate for life; but that no present estate or interest therein passed to Medcef during Joseph’s life, his interest being what the law terms a mere possibility of future interest, which, being neither an estate, interest, nor right in esse, was incapable of being transferred by grant or assignment at law.
In equity, however, when a party, for a valuable consideration, has sold such a possible interest, he will be deemed the trustee of his vendee, and when he gets the title, as holding it for him, and compelled to release it to the vendee.
But, as. said by the Court of Appeals of Virginia, in Thornton vs. Thornton (3 Randolph, 183), all the books agree, una voce, that husband and wife not only cannot compel each other to make partition, but even if they concur in the wish, they have not the power to sever the tenancy. It is a sole, and not a joint tenancy. They have no moieties. Each holds the entirety. They are one in law, and their estate one and indivisible. If the husband alien; if he suffer a recovery; if he be attainted, none of these will affect the right of the wife, if she survive him. Nor is this by the jus accrescendi. There is no such thing between them. That takes place where, by the death of one joint tenant,' the survivor receives an accession — something which he had not before — the right of the deceased. But, as between husband and wife, the survivor takes nothing from the decedent; acquires no *506 new title nor interest nor estate thereby; but takes by the original conveyance the whole, because invested thereby with the entire estate. The survivor gets the entire estate by virtue of the title being in him or her by the original conveyance, but rid of the possible contingency of the other’s surviving and retaining the estate, because likewise so invested in that party.
It is plain, therefore, that the husband had the entire title to this land by the original conveyance, in the year 1837. So had his wife; and had she survived him, she would have retained it; and neither the husband, nor his heirs or assigns, nor the mortgagees, nor even the purchasers under a decretal sale foreclosing the mortgage, could have held against her. Nor can her heirs claim or hold any portion of the land as against the surviving husband or his assigns; but the whole tract should have been ordered to be sold in payment of the mortgage debts, or a sufficiency for said purpose.
As the entire title and estate was vested in both the husband and wife, the Legislature could not have diverted any portion of the title, and we must presume did not intend to do so, but that, as a rule of property and a declaration of the legal effect of such deed subsequently made, and the legal rights of the parties thereunder, said statute was enacted.
The numerous cases recognizing the common law rules as to such conveyances by this court need not be referred to, all harmonizing, as they do, with this opinion.
Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.