## Osborne, et al. v. Hughes, et al.

(Decided March 22, 1927.)

### Appeal from Lewis Circuit Court.

1. Joint Tenancy.—Where it is sought to establish that Ky. Stats., section 2348, is inapplicable and that estate of one joint tenant passes to the other by survivorship, under section 2349, instrument relied on must make it clear that such was purpose of grantor or testator.

2. Deeds.—Under deed to grantee for life, remainder to defendant and another "unless they should die without issue living," then to plaintiffs, interest of remainderman dying without issue before death of life tenant passed to plaintiffs, since condition that "they" should die without issue must be construed as meaning "he or she."

ALLAN D. COLE and U. C. THOROUGHMAN for appellants.

JOHN D. CARROLL, JOHN S. CARROLL and HARVEY PARKER, JR., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

On March 31, 1888, John D. Tully, in consideration of $2,000.00 cash paid to him by Charles Hughes, executed a deed by which he conveyed to Hughes and others a tract of land lying in Lewis county. The habendum clause, which is substantially the same as the granting clause, is as follows:

> "To have and to hold the said property unto said Charles Hughes for life, and then in remainder unto said Margaret A. Marvin and Samuel Marvin, their heirs and assigns forever, unless they should die without issue living, then to Mary L. Hughes and Sarah F. Hughes, their heirs and assigns forever."

Margaret A. Marvin died unmarried and without issue prior to the death of the life tenant, Charles Hughes, who died in the year 1911. Samuel Marvin, sometimes known as Mackey Hughes, is still living. After the execution of the deed Sarah F. Hughes married and is now Sarah F. Osborne. Mary L. Hughes married Johnnie Weaver, and died leaving two children, Carlos Weaver and Nona Lee Gidding, as her only heirs at law.

This suit was brought by Sarah F. Osborne and Carlos Weaver against Mackey Hughes, *alias* Samuel Marvin, and others, to have the land partitioned. A demurrer was sustained to the petition and the petition dismissed. Plaintiffs have appealed.

The case turns on whether the estate of Margaret A. Marvin, who died unmarried and without issue prior to the death of the life tenant, Charles Hughes, passed to Samuel Marvin as survivor or to Mary L. Hughes and Sarah F. Hughes.

Sections 2348 and 2349, Kentucky Statutes, are as follows:

> "2348. Joint tenants may be compelled to make partition; and when a joint tenant dies, his part of the joint estate, real or personal, shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower or distribution."
> "2349. The preceding section shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to

persons in their own right, when it manifestly appears, from the tenor of the instrument, that it was intended that the part of the one dying should belong to the others, neither shall it affect the mode of proceeding on any joint contract or judgment.''

The right of survivorship in estates held in joint tenancy was abolished by section 2348, *supra,* unless the case falls within the provisions of section 2349. Truesdell v. White, 13 Bush 616. When it is sought to establish that the estate of one joint tenant passes to the other by survivorship, the instrument relied on must make it clear that such was the purpose of the grantor or testator. Wirth v. Wirth's Guardian, 100 S. W. 298; Truesdell v. White, *supra.* For appellees it is insisted that the words ''unless they should die without issue living'' show very clearly that the grantor intended that no estate should pass to Mary L. Hughes and Sarah F. Hughes unless both Margaret A. Marvin and Samuel Marvin died without issue living. There might be some merit in this contention if Margaret and Samuel had been husband and wife, City of Louisville v. Coleburne, 108 Ky. 420, 56 S. W. 681, but such is not the case. Therefore, the word ''their'' in the clause ''their heirs and assigns forever'' does not refer to their joint heirs, but must be given the same effect as if the words ''her or his'' had been used. For the same reason the word ''they'' in the clause ''unless they should die without issue living'' does not refer to their joint issue, but must be held to mean the same thing as if the words ''she or he'' had been used instead of ''they.'' When thus construed it is apparent that the words ''unless they should die without issue living'' fall short of meeting the requirement of the rule that the deed relied on to show a joint tenancy with right of survivorship must make it clear that such was the purpose of the grantor. We are therefore constrained to the view that, upon the death of Margaret A. Marvin without issue before the death of the life tenant, her interest passed to the remaindermen, Mary L. Hughes and Sarah F. Hughes.

It follows that the demurrer to the petition was improperly sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.