## Stambaugh et al. v. Stambaugh et al.

Dec. 2, 1941.

Howes & Walker for appellants.

Meade & Meade for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This case involves the construction of a deed of conveyance of a certain house and lot in Ashland, Ky., which was executed February 15, 1936, by Cal Moore

and others to "Martin Loss Stambaugh and Gertrude Stambaugh, husband and wife, parties of the second part."

The prefatory and salient parts of the deed, its granting and habendum clauses, are as follows:

"This deed between Laura Moore and Cal Moore, her husband and Edna Lemaster and Willie Lemaster, her husband, parties of the first part and Martin Loss Stambaugh and Gertrude Stambaugh, husband and wife, parties of the second part,

"Witnesseth: That for and in consideration of $1.00 and other good and valuable considerations this day paid to the first parties by the second parties, receipt fully acknowledged, *the parties of the first part do hereby sell, grant and convey to the parties of the second part* the following described real estate to-wit: * * *

"*To have and to hold* the same together with all the rights privileges and appurtenances thereunto belonging or in anywise appertaining unto *the parties of the second part jointly* and *equally* during their *joint lives and then* on *the death* of *one of them to the survivor* and *such survivor's heirs* and assigns forever, with covenant of General Warranty." (Emphasis ours.)

The circuit court construed this deed as granting to the Stambaughs (husband and wife) "an estate in joint tenancy during their joint lives, with fee simple title to the survivor upon the death of either" and further that, the husband having predeceased his wife by a few months, she thereupon, as his joint tenant and survivor, became invested with title in fee simple to the entire property described in the deed, which she could lawfully and with full right dispose of, by her will or otherwise, according to her desire.

The widow, Gertrude Stambaugh, upon being so vested with title to the property, here involved in controversy, executed her will, whereby she devised the property to her uncle and aunt, Jonathan and Dove Stambaugh, defendants below and here the appellees. This will was duly probated and recorded and has never been set aside.

This appeal is prosecuted from that judgment by

Alafair Stambaugh, Alva Castle and Annie Castle McKenzie, who are the legal heirs and the parties entitled to inherit, as such, from the grantees in the above deed.

Alafair Stambaugh is the mother of the grantee in the deed, Martin Loss Stambaugh, and his sole heir-at-law, and as such claims she is entitled to inherit his estate. Alva Castle and Annie Castle McKenzie are respectively the brother and sister of the grantee, Gertrude Stambaugh, and her only heirs-at-law and as such claim they are entitled to inherit her estate.

Appellants, contending that they are the owners of the property jointly conveyed the Stambaughs by this deed, brought this suit under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., asking for, an interpretation of the provisions of the deed and a declaration of their rights as the heirs of grantees, which declaration they alleged involves the following questions:

"(1) Whether or not, under the repugnancy of the granting and habendum and addendum clauses of the foregoing deed, the grantee, Martin Loss Stambaugh, obtained an unqualified estate in fee simple to the lands and at his death same was inherited by the plaintiff, Alafair Stambaugh, as his only heir-at-law.

"(2) Whether or not, under the provisions of said deed the grantees each acquired an undivided joint fee simple estate in said land, and at their deaths, the plaintiff, Alafair Stambaugh, inherited a one-half interest as the only heir-at-law of Martin Loss Stambaugh, and the plaintiffs, Alva Castle and Annie Castle McKenzie, inherited Gertrude Stambaugh's interest as her only heirs-at-law.

"(3) Whether or not, under said provision of said deed the plaintiffs, Alva Castle and Annie Castle McKenzie, who were the heirs of the last survivor of the grantees, took by purchase the entire property."

The plaintiffs by their petition alleged that the grantee, Martin Loss Stambaugh, died intestate and that the grantee, his wife, Gertrude Stambaugh, died testate, leaving a will by which she attempted to devise the house and lot, jointly conveyed to her and her husband,

to her uncle and aunt, Jonathan and Dove Stambaugh, whom they made defendants.

Further they alleged that by the terms of this deed, executed to the Stambaughs, as husband and wife, they took only a life estate in the property and that at their death the legal title to the entire property became vested in plaintiffs, that defendants have no interest in the property and that the claim they make of ownership thereof under the will of Gertrude Stambaugh is unfounded and casts a cloud upon plaintiffs' title thereto. Further they alleged that when the Stambaughs purchased the property, the entire consideration, approximating some $5,000, was paid by the husband, Martin Loss Stambaugh, from his own funds and that, at the time of the Stambaughs' purchase of said property, Gertrude Stambaugh (the wife) was and had for a long time prior thereto been in poor health and that after the purchase of the property, Martin Loss Stambaugh so cared for and tended his wife during her illness as to cause him to suffer a nervous breakdown, causing his death prior to that of his wife. They further alleged that the defendants thereupon rushed to Ashland, Ky., and took his widow, Gertrude Stambaugh, to their home in Paintsville, Ky., without giving plaintiffs any opportunity to aid or assist her in any respect, and that defendants kept her in their home until her death, during which time they influenced her to execute the will, whereby she bequeathed to them, the defendants, all the money she had, which she acquired as the widow of Martin Loss Stambaugh, and the property in controversy.

Wherefore, their petition concluded with prayer for a declaration of their rights, involving the three questions stated above, and that their title to the property be quieted and for their costs, etc.

Defendants filed answer categorically denying the allegations of the petition, other than that their niece, Gertrude Stambaugh, had by her will (made following the death of her husband) devised them the property and that she, as his survivor, thereupon became vested with fee simple title to the entire property under the provisions of the deed, jointly conveying them the property with right of survivorship; also, they denied that the declaration of the rights of the parties, sought by the plaintiffs, involved a determination of their rights under the three questions submitted by their petition.

In approaching our discussion and determination of the challenged propriety of the lower court's construction of this deed here in controversy, as stated supra, we deem it appropriate to first give timely notice and consideration to its terms and provisions, as to the meaning and effect of which the conflicting contentions of the parties here presented have arisen.

A reference to this deed discloses that it is one made jointly to husband and wife and expressly provides a mutual right to the entirety of the property by survivorship between them, by directing, by its habendum clause, that title shall go in its entirety, upon the death of one of the two grantees, to the other or survivor of them, thus bringing this deed, under which the wife and joint tenant, Gertrude Stambaugh, held clearly within the common-law rule and within the exception provided by the statute (Section 2143), securing to her a right to the entire property in fee simple title by reason of her having survived her husband and co-grantee, as was adjudged by the court.

Such being the clear language and provisions of the deed, expressly creating and providing such character of joint tenancy, with mutual right of survivorship, we are of the opinion that the lower court's construction of the deed, that it, by its terms, expressly provided a mutual right in the property in its entirety by survivorship between them, was the only construction which could reasonably be given it, after considering the clear and positive language of the granting and habendum clauses of the deed, where in the one, or granting clause, the grantees are only named (without expression as to the extent of the estate granted) while in the other, or habendum clause, the estate conveyed by the grant to the Stambaughs is defined, explained and described.

The proof heard, establishing the relationship of the parties plaintiff to the grantees, as pleaded in their petition, and as to the facts and circumstances under which the deed of conveyance was by the grantees directed made them, utterly failed, as found by the court, to throw any light upon nor tended to indicate any different wish or intention on the part of the grantees as to the nature and extent of their mutual estates, created in their behalf by the deed, from what is expressly indicated by its clear and positive language, as expressing the intent to create a joint tenancy.

Notwithstanding such is the clear language and meaning of the granting and habendum clauses of the deed, the appellants nevertheless contend that the lower court erred in its construction of the deed upon the following grounds: (1) That there exists a repugnancy between the granting and habendum clauses of the deed, in that, by the granting clause, the grantees were given a fee simple title to the property therein described, which the habendum clause seeks to and does restrain and diminish, as it sets up only a life estate in the grantees; (2) that due to such conflict in the two clauses of the deed, even after considering the deed from its four corners, a reasonable mind is left in doubt as to what estate is intended to pass by its provisions and brings the case within the well-established rule that an estate once given in fee will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument or the intention of its maker requires it.

It is sufficient answer to these contentions urged that we find no repugnancy to exist between the provisions of these two clauses of the deed, as here the granting clause merely names the grantees taking under the deed, without any expression given as to the character of the estates granted, but by such omission leaves it wholly to the habendum clause to explain and describe the character and quantity of the estate they intended to be granted by the deed, as one of joint tenancy between them.

The rule as to this, as stated in 26 C. J. S., Deeds, Section 129, p. 430, is that:

"The granting clause will control any other clause of the deed inconsistent therewith, where it is impossible to ascertain the grantor's intention from a consideration of the entire instrument. Any apparent inconsistency between the granting clause and other portions of the deed should be reconciled, if possible, and an estate conveyed in one portion of a deed by clear, explicit, and unambiguous words cannot be diminished or destroyed by words in another part of the instrument, unless they are equally clear, decisive, and explicit."

The language of the granting clause here was the same, by reason of its merely naming the grantees, as

if it had stated that the grant was made upon the terms and conditions thereinafter stated in the habendum clause and in effect, by implication, made such habendum clause a part of the granting clause and imported into the granting clause the subsequent provisions in the habendum clause of the deed determining and defining the quantity and character of the estate granted.

Further in the same authority, 26 C. J. S., Deeds, Section 129, p. 431, the rule is stated to be, that:

"While it is frequently stated that, if the habendum is repugnant to, or in irreconcilable conflict with, the grant, the latter controls, it is generally recognized that this rule applies only when it is impossible to ascertain the grantor's intention.

"The office of the habendum at common law was to limit, restrain, lessen, enlarge, explain, vary, or qualify as shown supra * * *, but not totally to contradict or be repugnant to the estate granted in the premises. Thus, while the habendum clause can be resorted to for the purpose of restraining, lessening, explaining, varying, or qualifying the estate indicated in the grant, it will not be permitted to defeat the clear intent of the grantor expressed in the granting clause; and, as has been frequently stated, if it is repugnant to, or in irreconcilable conflict with, the grant, the latter will control."

Here, however, we find the habendum clause not to be in conflict with or repugnant to the granting clause, in that the latter does not attempt to describe the character or quantity of the estate granted, but leaves that office entirely to the following habendum clause, which does clearly indicate and describe the estates conveyed the grantees named in its granting clause.

Further, and to like effect, was the rule in this jurisdiction stated in Wilson et al. v. Moore, 146 Ky. 679, 143 S. W. 431, 432, where the court, in response to a like contention, said:

"Counsel for appellee contend that the judgment below was proper under the rule laid down in Ratliffe, etc., v. Marrs, etc., 87 Ky. 26, 7 S. W. 395, 8 S. W. 876, where it was held that, if there is a clear repugnance between the nature of the estate

granted and that limited in the habendum, the latter yields to the former. While this case has never been overruled, the tendency of the more recent opinions has been to relax the strictness of the technical rule of construction therein announced, and to construe a deed according to the intention of the grantor as gathered from the whole instrument. Thus in Dinger v. Lucken et al., 143 Ky. 850, 137 S. W. 776, this court said:

" 'The rule is that where by a deed a fee is granted, and the deed as a whole shows an intention to vest the grantee with a fee, an attempted limitation upon the fee will be disregarded. But in all cases the effect of the deed turns on its proper construction when read as a whole; and if upon the whole instrument it appears that the grantor's intention was to vest a less estate than a fee in the grantee that intention will be carried into effect, for deeds, like other instruments, must be construed according to the intention of the parties, where that intention is sufficiently expressed in the instrument.' "

See, also, in accord, Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S. W. (2d) 107.

The clear language employed in each of the two clauses of the deed here under consideration clearly manifested, as held by the court, an intention to create a joint tenancy estate in the Stambaugh grantees, and under the rule announced, even if a repugnancy existed between the two clauses of the deed, which, however, we do not find, the intention of the makers of the instrument, as shown within the four corners of the deed, as gathered from the whole instrument, would prevail. Clearly, too, we conclude, the court properly construed the tenancy created by this instrument of conveyance as one of joint tenancy, with mutual right in grantees to take the entire property by survivorship, in that an estate in joint tenancy is defined as one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship, by virtue of which the entire estate, upon the death of any one of the joint tenants, goes to the survivors, and so on to the last survivor, who takes an estate of inheritance free

and exempt from all charges made by his deceased co-tenants. See 14 Ann. J. P., Section 6, page 79.

Further, a distinguishing characteristic of the estate in joint tenancy is the circumstance that it arises solely by way of grant or devise, and never by way of descent or other act of law. The joint estate was probably for reasons of feudal origin long a favorite form of estate under the common law of England. Whatever may have been the causes that led to the development of the joint estate, it is undeniable that it is now in disfavor, both in America and in England. The policy of American law is opposed to survivorship, and in accordance with this policy, legislation abrogating the common-law rule has been enacted in virtually every state.

As a result of such statutory legislation, the ancient common-law rule favoring joint tenancies has been reversed. This means, of course, that in construing a grant, the courts will regard it as creating a tenancy in common, unless a contrary intent, sufficient to negative the presumption arising from the statute, plainly appears in the instrument itself. If such intention, however, appears, the courts are bound to give it effect, as they have no right to deprive parties of their right to convey property in such manner as they may desire under the law.

And in accordance with such statutory rule, it is declared in Section 2143, Kentucky Statutes, that:

"If real estate be conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of the husband or wife as herein fixed, with all other incidents to such tenancy."

The proper construction of this deed, therefore, in harmony with this statute, must be held to be, as given by the court, that where it appears, either by express words or from the nature of the case, that it was the grantor's or testator's intent to create an estate in joint tenancy, the estate conveyed should be construed, in order to effect his expressed intent, as one in joint tenancy, as otherwise the words of the habendum clause

"to hold jointly * * * and then to the survivor" would be given no effect.

It is therefore our conclusion, for the reasons hereinabove given, that the deed here involved was one clearly showing and expressing the intent of the makers to create a joint tenancy with right of survivorship, and, therefore, it follows that the surviving wife took a fee simple title to the property involved, with the right to dispose of same by will, which she exercised by devising the property in question to the appellees, who thereby became vested with fee simple title in the property.

Judgment affirmed.