Wilbur Ray **SANDERSON**, Appellant,

v.

Marie **SAXON** and Maurice **Redden**, Appellees.

No. 91–SC–000164–DG.

Supreme Court of Kentucky.

June 25, 1992.

Rehearing Denied Sept. 24, 1992.

Sam B. Neely, Sr., Neely & Brien, Mayfield, for appellant.

Benjamin J. Lookofsky, Mayfield, for appellee.

H. JEFFERSON HERBERT, Jr., Special Justice.

At issue in this case is whether one of two joint tenants may unilaterally destroy the right of the other to receive the full real property interest upon the death of the first. The trial court held that neither joint tenant had such power. The Court of Appeals reversed. We granted discretionary review.

On June 19, 1985, Carrie Davis conveyed a house and lot in Mayfield, Kentucky, to Willie Mae Redden and Wilbur Ray Sanderson, in survivorship. The granting clause of that General Warranty Deed read as follows:

I, Carrie Davis, single, have sold and hereby convey with survivorship to Willie Mae Redden ... and Wilbur Ray Sanderson ... jointly and to the survivor, the following described real estate lying in Graves County, Kentucky....

The habendum clause of the Carrie Davis deed reads:

To have and to hold the said real estate and appurtenances thereunto belonging unto the said Grantees, their heirs and assigns forever.

On November 9, 1988, Willie Mae Redden, one of the joint tenants created by the Carrie Davis deed, executed a deed of the same property to Marie Saxon and Maurice Redden, the granting clause of which provided:

I, Willie Mae Redden ... have sold and do hereby sell and convey with covenant of GENERAL WARRANTY, to MARIE SAXON one-half (½) of my one-half (½) interest and to MAURICE REDDEN one-half (½) of my one-half (½) interest, jointly, as life tenants with the remainder in fee simple to the survivor of them in and to....

Willie Mae Redden died on December 14, 1988. The Redden to Saxon and Redden Deed was recorded on February 21, 1989.

A Petition for Declaration of Rights was filed in the Graves Circuit Court by Appellants Saxon and Redden against Appellee Sanderson, seeking a declaration that the effect of the Redden to Saxon and Redden deed effectively severed the joint tenancy which had existed between Appellee Wilbur Ray Sanderson, and Willie Mae Redden, converting the status of title to the subject real estate to one in which Appellee Sanderson was a tenant in common as to a one-half (½) undivided interest, and Appellants owned the remaining one-half (½) interest. The language of the Redden to Saxon and Redden deed appears to convey a one-half (½) interest in the subject real estate to appellees as joint tenants, which pre-supposes the right of survivorship between those two individuals. However, that issue is not before us, and we do not so decide.

Appellant of course responded to the Declaratory Judgment Petition with the argument that neither Willie Mae Redden nor Wilbur Ray Sanderson could destroy the survivorship rights which existed between the two. Therefore, upon the death of Willie Mae Redden the full fee simple estate became vested in Appellant Wilbur Ray Sanderson.

The trial court interpreted KRS 381.120 (formerly Ky.Stat. Sec. 2348) as abolishing the right of survivorship in estates held in joint tenancy, with the exception of those circumstances described in KRS 381.130 (formerly Ky.Stat. Sec. 2349). It found that the deed from Carrie Davis to Willie Mae Redden and Wilbur Ray Sanderson did

fall within the exceptions provided by KRS 381.130, and that the later deed from Redden to Saxon and Redden did not, therefore, affect the survivorship interest of Appellant Sanderson.

The Court of Appeals reversed the trial court, holding that there had been no statutory or judicial change to the common law rule allowing one joint tenant to destroy the survivorship right of another, by conveyance to a third party.

The need to establish, with certainty, rights of parties to a commonly used estate in real property convinced us to grant discretionary review.

There are essentially three estates in real property involving more than one owner: tenancy in common, joint tenancy, and tenancy by the entirety. An understanding of all three is essential to the resolution of the issue presented by this case.

■ A *tenancy in common* is an estate in which two or more persons hold title to land in such fashion as to give each of them undivided possession. The rights of no tenant are enlarged by virtue of the death of another, that is, no tenant accedes to full, or even increased, ownership by virtue of the death of another tenant. The only "unity" involved in a tenancy in common is the possession of the entire property, to which each tenant is equally entitled. *McLeod v. Andrews,* 303 Ky. 46, 196 S.W.2d 473 (Ky.1946); 20 Am.Jur.2d, Cotenancy and Joint Ownership, Section 22.

■ A *tenancy by the entirety* is an estate in land shared by husband and wife, whereby at the death of either the survivor is entitled to full fee simple ownership. Under the common law, five unities were essential to the creation and existence of a tenancy by the entirety: interest, time, title, possession and marriage. Kentucky still recognizes the estate known in common law as *tenancy by the entirety*. *Alford v. Rogers,* Ky., 262 S.W.2d 676 (1953); *Cowan v. Pleasant,* Ky., 263 S.W.2d 494 (1954); *Hoffmann v. Newell,* Ky., 60 S.W.2d 607, 249 Ky. 270 (1933). A distinguishing feature of a tenancy by the entirety is that the survivor takes the entire estate at the death of the deceased cotenant *not* by virtue of that death, but because, in law, each was viewed to own the *entire* estate from the time of its creation.

■ A *joint tenancy,* as distinguished from the tenancy by the entirety, is an estate held by two or more people who (in the case where the estate is held by only two) are not husband and wife. Each is jointly entitled to the enjoyment of the estate so long as all live; however, the interest of a joint tenant, at his or her death, passes to the survivor. *McLeod, supra; Stambaugh v. Stambaugh,* 288 Ky. 491, 156 S.W.2d 827 (1941).

■ The threshold question to·be answered in resolving the issues presented in this case is, what was the nature of the estate created by the initial deed, from Carrie Davis to Willie Mae Redden and Wilbur Ray Sanderson? If a *tenancy in common* was created, then it is unnecessary to consider the effect of the second deed upon the interest owned by appellant. Likewise, if a tenancy in common was created, then Willie Mae Redden could do with her interest as she pleased, without in any way affecting the rights of appellant—regardless of the initial intent of the parties, or the relative consideration paid by Redden and Sanderson.

The granting clause of the first deed recites a conveyance *"with survivorship, . . . jointly and to the survivor...."* [emphasis added] Clearly the language of the granting clause expresses an intent to convey a real property interest dependent in some fashion upon the death of one of the grantees. We note that the habendum clause of the Carrie Davis deed does not contain the language of survivorship. While at common law the habendum was relevant if its language was repugnant to or in conflict with the granting clause, the latter is controlling in the event of a conflict. See *Stambaugh v. Stambaugh,* 288 Ky. 491, 156 S.W.2d 827 (1941). In this case, the two clauses are not in conflict; the habendum simply makes no reference to the creation of a survivorship estate. We conclude that the estate created by the

first deed, from Davis to Redden and Sanderson, was a joint tenancy.

■ Appellant contends that KRS 381.-150[1] precludes the conveyance of a larger estate than that owned by the grantor. Thus, Willie Mae Redden, by virtue of the Davis deed, owned the right to enjoy the subject property during her lifetime and that of Wilbur Ray Sanderson; her property rights beyond those are extinguished unless she survived Sanderson. Continuing with that rationale, Appellant concludes that those rights, just described, are the only rights which Willie Mae Redden could have bestowed upon her grantees, Marie Saxon and Maurice Redden. However, this argument of Appellant begs the point. The fundamental issue is the *nature* of the rights actually owned by Willie Mae Redden by virtue of the Carrie Davis deed. If the common law or the legislature defines the nature of those ownership interests as *including* the right to alter the survivorship aspects created in the original deed, then the second deed does not constitute an attempt to convey a larger ownership interest than Willie Mae redden owned. Thus it is necessary to analyze the precise nature of that interest.

At the common law, it seems uncontroverted that one joint tenant could destroy the right of survivorship of the other joint tenant, by way of a conveyance to a third party. *Osborne v. Hughes,* 219 Ky. 116, 292 S.W. 748 (1927); *Elliott v. Nicholas,* 67 Ky. (4 Bush) 502 (1868); *Rogers v. Grider,* 1 Dana 242 (1833). If the common law has not been modified by the General Assembly, then clearly Appellant's arguments must fail, because the deed from Willie Mae Redden to Saxon and Redden would have operated to destroy the joint tenancy.

Indeed, the General Assembly has addressed the issues presented on this appeal. KRS 381.120 (formerly Ky.Stat. Section 2348) provides:

**381.120. Joint tenants—Partition—Death of one.**—Joint tenants may be compelled to make partition, and when a joint tenant dies, his part of the joint estate, real or personal, shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower or distribution.

It seems to follow logically that a legislatively expressed intent to allow one joint tenant to judicially compel a physical division of property held in joint tenancy is certainly not inconsistent with the then existing common law, which allowed one joint tenant to unilaterally convert the estate to a tenancy in common.

However, the General Assembly in KRS 381.130 (formerly Ky.Stats. Section 2349) carved out an exception to KRS 381.120, which redefines the nature of a joint tenancy:

**381.130. Exceptions to KRS 381.120.**— KRS 381.120 shall not apply to any estate which joint tenants hold as executors or trustees, nor to an estate conveyed or devised to persons in their own right, when it manifestly appears, from the tenor of the instrument, that it was intended that the part of the one dying should belong to the others, neither shall it affect the mode of proceeding on any joint contract or judgment.

Thus rather than interpreting the facts of the case at hand in the light of the common law, the effect of KRS 381.130 must be considered.

It seems that the General Assembly has redefined the nature of a joint tenancy. The clear intent of KRS 381.130 is to preserve the survivorship aspect of joint tenancies, where "it manifestly appears, from the tenor of the instrument, that it was intended that the part of the one dying should belong to the others...." The deed by which Appellant claims title, from Davis to Redden and Sanderson, recites that the conveyance is "with survivorship" to the two grantees "jointly and to the survivor." In our judgment, the deed in question manifestly expresses the intent that the inter-

---

1. **KRS 318.150. Conveyance of greater estate than grantor owns—Effect.**— A deed and warranty of land purporting to pass or assure a greater right or estate than the person can lawfully pass or assure, shall operate to convey or warrant so much of the right and estate as such person can lawfully convey. If such conveyance is made by a tenant for life it shall not work a forfeiture of his estate.

est of the one first dying should belong to the other. There can be no other reason for the use of the words "survivorship" and "survivor." Accordingly, the deed from Redden to Saxon and Redden conveyed only the joint life estate and survivorship interest of Willie Mae Redden. The nature of the estates taken by the grantees of that deed was still measured by the relative lifetimes of the initial grantees, Willie Mae Redden and Wilbur Ray Sanderson. Willie Mae Redden having died first, the entire fee simple estate vested in Wilbur Ray Sanderson.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is ordered reinstated.

STEPHENS, C.J., and COMBS and SPAIN, JJ., concur.

LEIBSON, J., dissents in a separate dissenting opinion in which LAMBERT and WINTERSHEIMER, JJ., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Common law presumed a conveyance to two or more persons created a joint tenancy without requiring any specific words to that effect. Recently, however, because many jurisdictions do not favor joint tenancy, they have enacted legislation to discard or reverse the presumption. *See,* 20 AmJur2d, § 11, p. 102. In Kentucky, the General Assembly enacted KRS 381.120 which presumes a conveyance to two or more persons creates a tenancy-in-common, an estate without the right of survivorship. *Stambaugh v. Stambaugh,* 288 Ky. 491, 156 S.W.2d 827 (1941). Then, KRS 381.130 goes on to say "KRS 381.120 shall not apply ... when it manifestly appears, from the tenor of the instrument, that it was intended that the part of the one dying should belong to the other...." In other words, KRS 381.120 abolishes the right of survivorship recognized in joint estates at common law unless (under KRS 381.130) such right manifestly appears on the instrument. *Osborne v. Hughes,* 219 Ky. 116, 292 S.W. 748 (1927) and *Stambaugh v. Stambaugh, supra.*

These statutes place the burden on the grantor to *expressly* create an estate with a right of survivorship, a joint tenancy, by requiring specific language in the conveyance. They explain how one can *create* a joint tenancy, but they do not, however, change the *nature* of a joint tenancy as contended by the Majority Opinion. Thus the Majority Opinion has misconstrued the purpose and the effect of KRS 381.120 and .130.

At common law the nature of a joint tenancy included the right of a joint tenant to convey his interest, *inter vivos,* to a third party, and, if he did so the estate was changed to a tenancy-in-common because he destroyed his right of survivorship. *See Rogers v. Grider,* 31 Ky. (1 Dana) 242 (1833), cited in the Majority Opinion. *See also* 20 AmJur 2d, § 22, 48A C.J.S. §§ 16 and 17. This has not changed. The joint tenant *continues* to have the ability to destroy the right of survivorship, just as he could do at common law. The Majority Opinion recognizes that at common law in a joint tenancy "one joint tenant could destroy the right of survivorship of the other joint tenant, by way of a conveyance to a third party."

The Majority errs in result because it mistakenly assumes the statutes have changed the *nature* of a joint tenancy as well as the presumption with regard to the *existence* of one.

This is not to say a grantor could not, in his conveyance, restrict the grantees' rights to convey during their lifetime, but *more is needed* to do so than survivorship language which has the effect of creating a joint tenancy. That *more* which is needed is specific language in the conveyance creating the joint tenancy spelling out that *no joint tenant* shall convey his interest during his lifetime—an express restriction on the rights the joint tenant would otherwise possess. There is no such express restriction here.

Therefore, I dissent.

LAMBERT and WINTERSHEIMER, JJ., join this dissent.