**In re David W. KINDALL, Debtor.**

No. 12–60841.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Signed Jan. 13, 2014.

Entered Jan. 14, 2014.

**44**

Robert J. Morje, Columbus, OH, for Debtor.

## ORDER GRANTING PLAINTIFF'S MOTION TO AVOID AND CANCEL THE JUDICIAL LIEN OF JP MORGAN CHASE BANK (DOC. 13)

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter came before the Court for hearing on May 9, 2013, upon the Motion to Avoid and Cancel the Judicial Lien of JP Morgan Chase Bank ("Motion") (Doc. 13) filed by Debtor on February 23, 2013, the response (Doc. 17) of JP Morgan Chase Bank, N.A. ("Chase"), and the reply (Doc. 18) of Debtor. Debtor and Chase are hereinafter collectively referred to as "Parties". The Parties entered into Stipulations (Docs. 26 and 32 respectively) as to the pertinent facts related to this matter. Following the hearing, Debtor and Chase submitted Supplemental Memoranda in support of their respective positions (Docs. 31 and 33 respectively). The Motion seeks avoidance of Chase's judicial lien pursuant to 11 U.S.C. § 522(f).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and General Order No. 05–02, entered by the District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This matter is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

In the Motion, Debtor requests that the Court enter an order avoiding and cancelling the judicial lien held by Chase against Debtor's residential real property on the basis that the judicial lien impairs Debtor's exemption. Debtor argues that under a strict application of the formula set forth in 11 U.S.C. § 522(f), Chase's lien impairs Debtor's exemption and may be avoided in its entirety. Debtor contends that, as a survivorship tenant, he owns only a one-half interest in the Real Property and that one hundred percent of the balance outstanding on the note secured by the first mortgage should be considered pursuant to the formula to determine impairment under § 522(f). Alternatively, Debtor argues that the full mortgage balance should be applied in the formula because the mortgage was defectively executed by Debtor's wife, Jill E. Kindall, and thus was ineffective to grant a mortgage on her interest.

In its response, Chase argues first that Debtor should be found to have a one hundred percent interest in the Real Property. Chase argues alternatively that if the Court finds that Debtor has a one-half interest in the Real Property, the formula under 11 U.S.C. § 522(f) requires that only half of the amount of the mortgage debt be used in calculating the extent of impairment of Chase's judicial lien. Chase also contends that the junior judicial lien of Farm Credit Services should be avoided prior to Chase's judicial lien pursuant to state lien priority laws.

## I. Findings of Fact

On or about October 14, 1997, Debtor and his wife, Jill E. Kindall, acquired residential real property known as 7008 Pine Hollow Drive, Westerville, Ohio, 43082 ("Real Property") by survivorship deed. On December 27, 2012, Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. Debtor listed the Real Property on Schedule A, and stated that the value of the Real Property is $213,500. On his Schedule C, Debtor claimed an exemption of his interest in the Real Property in the amount of $21,625.

There exists a consensual first mortgage upon the Real Property which was filed for record with the Delaware County Recorder's office on January 10, 2003. The first mortgage is signed by Debtor and Debtor's wife; however, the wife's signature was not acknowledged before a notary public. At the time of the filing of Debtor's Petition, the first mortgage loan had a balance of $130,000. The Real Property is subject to a judgment lien in favor of Chase, filed for record in the Common Pleas Court of Delaware County, Ohio on August 18, 2008. The balance due on Chase's judgment is $142,071.83. The Real Property is also subject to a judgment lien in favor of Farm Credit Services, filed for record in the Common Pleas Court of Delaware County, Ohio on March 24, 2009. The balance due on Farm Credit Services' judgment is $31,183.93.

## II. Law and Analysis

Pursuant to 11 U.S.C. § 522(f), a debtor may avoid a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would otherwise be entitled. A lien impairs an exemption to the extent that the sum of all the liens on the property, plus the amount of the exemption that the debtor could claim if there were no liens on the property, exceeds the value of the debtor's interest in the property absent the liens. 11 U.S.C. § 522(f)(2)(A).

### A. The Debtor's Interest in the Real Property.

Under Ohio law, a deed which conveys an interest in real property to two or more persons "for their joint lives, remainder to the survivor of them," creates a survivorship tenancy in the grantees. Ohio Rev. Code § 5302.17. "[E]ach survivorship tenant holds an equal share of the title during their joint lives unless otherwise provided in the instrument creating the survivorship tenancy." Ohio Rev.Code § 5302.20(B). Upon the death of a survivorship tenant, "the title of the decedent vests proportionately in the surviving tenants . . . ." *Id.*

In determining the value of a debtor's interest as a survivorship tenant for purposes of lien avoidance under § 522(f), the court in *In re Lavine*, 2012 WL 4106749 (Bankr.N.D.Ohio Sept. 18, 2012), examined the characteristics of survivorship tenancies, as set forth in Ohio Rev.Code § 5302.20. In particular, the court noted that each survivorship tenant has " 'an equal right to share in the use, occupancy, and profits' and each is 'subject to a proportionate share of the costs related to the ownership and use' of the property. Each is able to convey his or her interest in the property individually, without altering the interest of the other [tenant] in the title." *Lavine*, 2012 WL 4106749, *2 (citation omitted). The court further noted that, in an action by a creditor to enforce a lien against a survivorship tenant's interest, "a court may order the entire property sold and divide the proceeds to account for the tenants' fractional interests." *Id.* The court ultimately held that the statutory characteristics of survivorship tenancies "leads to the conclusion that the debtor owns an undivided one-half interest in the

entire property, and that one-half of the property's value should be used in the calculation." *Id.* This Court finds the reasoning in *Lavine* persuasive.

■■ In the instant case, the deed transferring the Real Property to Debtor and Debtor's wife, conveyed the Real Property "for their joint lives, remainder to the survivor of them." Pursuant to Ohio Rev.Code § 5302.17, a survivorship tenancy was created, and Debtor and Debtor's wife each own an undivided one-half interest in the Real Property. Accordingly, for purposes of calculating the extent to which Chase's lien impairs Debtor's exemption pursuant to § 522(f), Debtor's interest in the Real Property is one-half of the value of the Real Property. As the value of the Real Property is $213,500, the value of Debtor's interest in the Real Property is $106,750.

■■ Chase argues that Debtor should be charged with the full value of the Real Property. In support of its argument, Chase cites *Brinley v. LPP Mortgage, Ltd. (In re Brinley)*, 403 F.3d 415 (6th Cir. 2005). The real property valuation portion of the *Brinley* opinion, however, is inapplicable to the instant case. In *Brinley*, the real property interest in question was held by debtor husband and non-debtor wife as a tenancy by the entirety, as defined by Kentucky law; it was not held as a survivorship or joint tenancy. In tenancy by the entirety, "the survivor takes the entire estate at the death of the deceased co-tenant not by virtue of that death, but because, in law, *each was viewed to own the entire estate from the time of its creation.*" *Brinley*, 403 F.3d at 420 (citing *Sanderson v. Saxon*, 834 S.W.2d 676, 678 (Ky.1992)) (emphasis added). Conversely, in a survivorship tenancy under Ohio law, "[e]ach survivorship tenant holds an equal share of the title during their joint lives," and only upon death of a survivorship tenant, does

full title vest in the other. Ohio Rev.Code § 5302.20(B). Therefore, Debtor, as a survivorship tenant, is not deemed to own the entire estate; he owns only an undivided one-half interest in the Real Property.

Chase additionally cites *Kruse v. Bank One, N.A. (In re Kruse)*, No. 04–2134 (Bankr.S.D.Ohio Aug. 18, 2005) (unreported), which applied *Brinley* in determining a survivorship tenant's interest in real property to be one hundred percent of the value of the property. *Kruse* seemingly equates survivorship tenancies under Ohio law to tenancies by the entirety under Kentucky law. However, as discussed above, the statutory characteristics of a survivorship tenancy render it a vastly different estate than that of a tenancy by the entirety. Accordingly, this Court finds *Kruse* unpersuasive, and holds that *Brinley* is inapplicable to the valuation of Debtor's interest in the Real Property.

**B. Determination of Extent to Which Chase's Judicial Lien Impairs Debtor's Exemption.**

■ The more difficult issue is whether to strictly apply § 522(f)(2)(A) in determining the extent to which Chase's judicial lien impairs Debtor's exemption. Section 522(f) describes "impairment" as follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

If § 522(f)(2)(A) is strictly applied in this case, one hundred percent of the aggre-

gate liens against the Real Property, plus Debtor's claimed exemption, are weighed against fifty percent of the Real Property value. Accordingly, the full extent of Chase's judicial lien would be deemed to impair Debtor's interest, and Chase's judicial lien against Debtor's interest in the Real Property would be entirely avoidable pursuant to § 522(f)(1).

The Sixth Circuit Court of Appeals in *Brinley* held that § 522(f)(2)(A) is to be "applied as Congress wrote it." *Brinley*, 403 F.3d at 421 (citing *Kolich v. Antioch Laurel Veterinary Hospital (In re Kolich)*, 328 F.3d 406, 410 (8th Cir.2003)). The court explained that:

> [Section] 522(f)(2)(A) is a federal definition of impairment ... and, in light of its explicit language, we no longer look to state law to define impairment. [T]he plain language of the statute provides for inclusion of all liens.... There is nothing in § 522(f)(2) that authorizes the court to pick and choose which liens to include in the impairment analysis.... To the contrary, § 522(f)(2) expressly instructs the court to include any and all liens in making any impairment analysis. Accordingly, the court is unable to deviate from this express instruction by Congress.

*Brinley*, 403 F.3d at 421 (quoting *In re Northern*, 294 B.R. 821, 830–31 (Bankr. E.D.Tenn.2003)) (internal quotation marks & citations omitted). The court recognized that abuse could occur by mechanical strict application of the statutory formula, but it adopted the stance of the *Kolich* court. The Eighth Circuit Court of Appeals in *Kolich*, faced with a situation similar to that in *Brinley*, stated that the court was "not entirely comfortable with the equities of literally applying the statutory formula." *Kolich*, 328 F.3d at 410. However, the Eighth Circuit justified such mechanical application of § 522(f)(2)(A) by noting that, in certain situations, "refusing to apply the statutory formula as written may result in denying deserving debtors the fresh-start advantage § 522(f) was enacted to provide." *Id.*

As *Brinley* calls for strict interpretation and mechanical application of the formula in 11 U.S.C. § 522(f)(2)(A), the Court must apply the statute as written. The plain language of the statute provides for the inclusion of "all other liens on the property." Therefore, the full $130,000 balance of the consensual first mortgage lien will be included in determining the extent Chase's judgment lien impairs Debtor's exemption. The § 522(f)(2)(A) calculation is as follows:

| | | |
|---|---|---|
| Mortgage | $130,000.00 | |
| Chase's Lien | $142,641.22 | |
| Farm Credit Services Lien | $31,183.93 | |
| Debtor's Exemption | $21,625.00 | |
| **Total Liens & Exemption** | | $325,450.15 |
| Less: | | |
| Debtor's Interest in Real Property | | $(106,750.00) |
| **Extent to Which Chase's Lien Impairs Exemption** | | $218,700.15 |

Chase's lien amount ($142,641.22) is exceeded by the amount of impairment ($218,700.15). Accordingly, Chase's judgment lien is avoidable in full as against Debtor's interest in the Real Property.

The Court notes that several bankruptcy courts in the Northern District of Ohio have held that when a joint or survivorship tenant is charged with only a one-half interest in the subject property, the tenant should only be charged with half of the

mortgage debt. *See Lavine*, 2012 WL 4106749, *4. *See also In re Law*, 2013 WL 4078844, *6 (Bankr.N.D.Ohio Aug. 13, 2013). However, as *Brinley* requires the strict application of § 522(f)(2)(A), such holdings appear to be in direct conflict with Sixth Circuit precedent. As such, the Court cannot follow the interpretation of the courts in the Northern District; the Court must apply § 522(f)(2)(A) as written.

## C. The Parties' Additional Arguments.

Debtor additionally claims that one hundred percent of the mortgage balance should be applied in the formula because the mortgage was defectively executed by Debtor's wife, Jill E. Kindall, and thus was ineffective to grant a mortgage on her interest. Given the above opinion, this argument is moot.

Chase additionally asserts that its lien is senior in priority to the lien of Farm Credit Services, and as such, Farm Credit Services Claim lien should be avoided first. Given the above opinion, there is insufficient equity in the Real Property to attach to either judicial lien; therefore, this argument is moot.

## III. Conclusion

The Debtor having illustrated that he is entitled to the relief sought, it is

**ORDERED** that Debtor's Motion to Avoid and Cancel the Judicial Lien of JP Morgan Chase Bank (Doc. 13) is GRANTED. JP Morgan Chase Bank's Judicial Lien No. 08CJ46060, filed for record on August 18, 2008 in the Common Pleas Court of Delaware County, Ohio, on the real property located at 7008 Pine Hollow Drive, Westerville, Ohio 43082, is hereby avoided, cancelled, released and forever discharged. Upon receipt of a certified copy of this Order, the Clerk of Courts of the Common Pleas Court of Delaware County, Ohio shall release and discharge the above referenced lien on the real property located at 7008 Pine Hollow Drive, Westerville, Ohio 43082.

**IT IS SO ORDERED.**